UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELYN MCGEE,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DIAMOND FOODS, INC.,<br><br>　　　　　　　　　　Defendant. | Case No.: 14cv2446 JAH (DHB)<br><br>**ORDER GRANTING DEFENDANT DIAMOND FOODS, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT [Doc. No. 27]** |

## INTRODUCTION

Presently before the Court is Defendant Diamond Foods, Inc.'s ("Defendant") motion to dismiss Plaintiff Jacquelyn McGee's ("Plaintiff") First Amended Complaint ("FAC") for failure to state a claim, [doc. no. 27], following this Court's March 1, 2016 order dismissing Plaintiff's original Complaint, [doc. no. 26]. Defendant's motion has been fully briefed by the parties. Doc. Nos. 28, 29. After careful consideration of the pleadings, relevant exhibits, and the entire record in this case, the Court exercised its discretion pursuant to CivLR 7.1(d.1) and took Defendant's motion under submission without oral argument. Doc. No. 30. For the reasons set forth below, the Court **GRANTS** Defendant's motion and **DISMISSES** the FAC **WITH PREJUDICE**.

//

//

# BACKGROUND[1]

On October 14, 2014, Plaintiff filed a class action against Defendant, asserting claims for unfair and unlawful business practices under California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, public nuisance under Cal. Civ. Code §§ 3479-3493, and breach of the implied warranty of merchantability. *See* Doc. No. 1. Plaintiff alleged that Defendant manufactures and sells a variety of popcorn products ("the Trans Fat Popcorns") containing partially hydrogenated vegetable oil ("PHVO"), the only dietary source of artificial Trans Fat ("TFA"), in the Pop Secret brand, which Plaintiff purchased and consumed. Doc. No. 1 at 4. Plaintiff alleged that, since there is "no safe level" of TFA intake and there are safe, low-cost, and commercially acceptable alternatives to TFA, Defendant unfairly elected not to use substitutes in the Trans Fat Popcorns. Doc. No. 1 at 4, 7. Plaintiff further alleged that consumption of TFAs is extremely harmful [*Id.* at 7], contributes to the development of cardiovascular disease [*Id.* at 10], type-2 diabetes [*Id.* at 12], breast, prostate, and colorectal cancer [*Id.* at 14], Alzheimer's disease and cognitive decline [*Id.*], and organ damage [*Id.* at 15].

On November 12, 2014, Defendant filed a motion to dismiss, arguing, *inter alia*, that Plaintiff lacks Article III standing because she suffered no "injury in fact" and, notwithstanding its standing argument, Plaintiff fails to state a claim upon which relief can be granted. *See* Doc. No. 7. On December 8, 2014, Plaintiff filed a response in opposition to Defendant's motion. Doc. No. 8. On December 15, 2014, Defendant filed a reply and objection to Gregory S. Weston's Declaration in support of Plaintiff's opposition. Doc. Nos. 9, 10. On August 10, 2015, Plaintiff filed as supplemental authority: (1) 80 Fed. Reg. 34650 (the Food and Drug Administration's ("FDA") June 17, 2015 final determination regarding PHVO); and (2) *Guttmann v. Nissin Foods Co.*, 2015 U.S. Dist. LEXIS 92756

---

[1] The background section facts included herein have been entirely taken from Plaintiff's FAC, the operative document in the motion to dismiss analysis. *See* Doc. No. 26.

(N.D. Cal.) (finding that the plaintiff's claims for violation of the unfair prong of the Unfair Competition Law and breach of the implied warranty of merchantability survive; while all other claims are dismissed without leave to amend. However, that Court made no determination as to whether the plaintiff had standing). *See* Doc. No. 17. On August 18, 2015, Defendant filed a response to Plaintiff's notice of supplemental authority supporting her opposition to Defendant's motion to dismiss. *See* Doc. No. 18. On August 21, 2015, Defendant provided notice of supplemental authority to the Court regarding *Backus v. General Mills, Inc.*, 2015 WL 4932687 (N.D. Cal.). *See* Doc. No. 19.

On March 1, 2016, this Court granted Defendant's motion to dismiss the original complaint, finding that Plaintiff lacked Article III standing. Doc. No. 25 at 12. Indeed, the Court expressed apprehension with respect to reaching the merits of Plaintiff's substantive claims, on the record before it, because Plaintiff failed to demonstrate an injury in fact. *Id*. The Court underscored defects with respect to economic injury and physical harm suffered. *Id*. at 11-12. First, with respect to Plaintiff's failure to demonstrate economic injury, the Court found that Plaintiff did "not allege an economic injury which satisfies Article III standing by alleging that she purchased a product that was less healthy than expected. Also, the Court [found] that Plaintiff received the benefit of her bargain when she consumed Defendant's popcorn." Doc. No. 25 at 11. With respect to Plaintiff's failure to demonstrate injury in fact, as to some physical harm suffered, the Court found that "Plaintiff did not allege a credible threat of harm and that the injury alleged does not 'affect the plaintiff in a personal and individual way.'" *Id*. (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Accordingly, the Court dismissed the original complaint without prejudice and granted Plaintiff fourteen days to file an amended complaint. *Id*. at 16.

On March 16, 2016, Plaintiff filed the instant FAC re-alleging the same causes of action asserted in the original complaint. *See* Doc. No. 26 (alleging the following causes of action: (1) injunctive relief; (2) unfair and unlawful business practices under California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq.; (3) public nuisance under Cal. Civ. Code §§ 3479-3493; and (4) breach of implied warranty of

merchantability); *cf.* Doc. No. 1 (alleging claims for (1) injunctive relief; (2) unfair and unlawful business practices under California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq.; (3) public nuisance under Cal. Civ. Code §§ 3479-3493; and (4) breach of implied warranty of merchantability). However, the FAC now includes additional facts pled in support of (1) Plaintiff's UCL claim; and (2) Plaintiff's burden to demonstrate standing. *Id*. at 19, 21. On April 4, 2016, Defendant moved to dismiss the FAC. *See* Doc. No. 27. On May 17, 2016, Plaintiff filed an opposition to Defendant's motion. *See* Doc. No. 28. On May 24, 2016, Defendant replied. *See* Doc. No. 29.

## DISCUSSION

### I.   Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In reviewing a motion to dismiss under Rule 12(b)(6), a court must assume the truth of all factual allegations and construe the factual allegations in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).

However, legal conclusions need not be taken as true merely because they are "cast in the form of factual allegations." *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557). The court may consider facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## II. Analysis

Defendant contends that the FAC fails to state a claim because Plaintiff has no injury in fact and still lacks Article III standing. Doc. No. 27 at 14-18. Additionally, Defendant argues that the supplemental authority provided to the Court on August 10, 2015, bars Plaintiff's claims because they are preempted by federal law. *Id.* at 26. Plaintiff disagrees, arguing in opposition that she has properly pleaded standing because she alleged facts demonstrating physical injury, the risk of harm in the future, and economic injury from purchasing an unlawful product. Doc. No. 28 at 13. In reply, Defendant maintains that (1) Plaintiff has not properly alleged facts demonstrating standing; and (2) given the Plaintiff's inability to effectively plead her case, and the legal effect of the FDA's actions, that the Court should dismiss the FAC with prejudice. Doc. No. 29 at 6.

Construing all inferences in the light most favorable to Plaintiff, the Court finds that Plaintiff's FAC fails to cure the Article III standing defects discussed in the Court's March 1, 2016 order. Doc. 25 at 11-12. Defendant points out the same, and argues that this Court should not depart from applying its previous rationale that is applicable here. Doc. No. 27 at 12. The Court agrees. *Pepper v. United States*, 131 S. Ct. 1229, 1250 (2011) ("'[W]hen a court decides upon a rule of law that decision should continue to govern the same issues

5

1  in subsequent stages in the same case.'" quoting *Arizona v. California*, 460 U.S. 605, 618
2  (1983)). Accordingly, the Court finds that because identical standing defects as were fatal
3  in the original complaint persist in the FAC, the Court must **ADOPT** its prior reasoning
4  with respect to the FAC.

## CONCLUSION AND ORDER

After due consideration, and with respect to the prior order granting Defendant Diamond Foods, Inc.'s motion to dismiss for failure to state a claim [Doc. No. 25], the Court (1) **ADOPTS** the reasoning of its March 1, 2016 order granting Defendant Diamond Foods, Inc.'s motion to dismiss; (2) **GRANTS** Defendant Diamond Foods, Inc.'s motion; and (3) **DISMISSES** the entire action **WITH PREJUDICE**.

DATED: March 27, 2017

_____
JOHN A. HOUSTON
United States District Judge